UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   LORINA GUTIERREZ,                                                                No. 13-07-10502 JA

   Debtor.

## ORDER GRANTING MOTION FOR LEAVE TO FILE A LATE RESPONSE TO NOTICE TO THE TRUSTEE'S NOTICE OF FINAL CURE PAYMENT

THIS MATTER is before the Court on the Motion for Leave to File a Late Response to the Trustee's Notice of Final Cure Payment ("Motion to Extend Time" – Docket No. 75) filed by Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2002-B ("Creditor").  The Chapter 13 Trustee opposes the motion, asserting that the Creditor's delay in responding to the notice of final cure payment that the Chapter 13 Trustee filed on April 16, 2012 was not substantially justified. The Chapter 13 Trustee asks the Court to fashion appropriate relief in accordance with Fed. R. Bankr. P. 3002.1(i).  *See* Chapter 13 Trustee's Objection to Motion for Leave to File a Late Response to the Trustee's Notice of Final Cure Payment filed by Deutsche Nat'l Trust Co. ("Objection"- 76).

The Court held a preliminary hearing on the Motion to Extend Time on September 10, 2012, and set a briefing schedule for the Creditor and the Chapter 13 Trustee on the issue of whether the time period under Fed. R. Bankr. P. 3002.1(g) may be enlarged.  The Chapter 13 Trustee and the Creditor stipulated on the record of the preliminary hearing that the Creditor's failure to file a timely response was the result of excusable neglect.  The Debtor does not oppose the Motion to Extend Time and agreed on the record at the preliminary hearing that she consents to an extension of time to allow the Creditor to file its response.   After considering the Motion to

Extend Time, the Objection, and the briefs filed by the Creditor and the Chapter 13 Trustee[1], the Court finds that the Court may extend the time to file a response to the Trustee's Notice of Final Cure Payment consistent with Rule 3002.1 and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure. In connection therewith, the Court FINDS:

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 5, 2007, and confirmed her Chapter 13 Plan on June 13, 2007. *See* Docket Nos. 1 and 27.

2. Creditor filed a proof of claim (Claim No. 2-1) in the Debtor's bankruptcy case on April 5, 2007.

3. On April 16, 2012, the Chapter 13 Trustee filed a Notice of Final Cure Payment pursuant to Fed. R. Bankr. P. 3002.1(f). *See* Docket No. 67.

4. Rule 3002.1(f) provides:

> Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and the debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.

Fed. R. Bankr. P. 3002.1(f).

5. Rule 3002(g) provides:

> Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid

---

[1] Creditor filed its letter brief on September 28, 2012. *See* Docket No. 86. The Chapter 13 Trustee filed her letter brief on October 16, 2012. *See* Docket No. 87. Creditor filed a reply on October 26, 2012. *See* Docket No. 88.

2

as of the date of the statement.  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

Fed. R. Bankr. P. 3002(g).

6. The 21-day period after service of the Notice of Final Cure Payment expired on Thursday, May 10, 2012.[2] The Chapter 13 Trustee's Notice of Final Cure Payment specified a 21-day response period.  *See* Docket No. 67.

7. Creditor filed its Motion to Extend Time on June 6, 2012.  *See* Docket No. 75.

8. Creditor asserts that the Debtor has a balance due to Creditor of $7,842.00 relating to post- petition payments of hazard insurance.   *See* Creditor's Response to Trustee's Notice of Final Cure Payment Filed on April 16, 2012, attached to Motion to Extend Time – Docket No. 75.

9. Unless the period for filing a response to the Trustee's Notice of Final Cure Payment is enlarged, the Creditor's response is untimely.

10. The penalty for failing to file a response to a trustee's notice of final cure payment is governed by Rule 3002.1(i).  That rule provides:

> If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and a hearing, take either or both of the following actions:
>
> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3002.1(i).

---

[2] Twenty-one days after April 16, 2012 is May 7, 2012.   Pursuant to Rule 9006(f), an additional three days is added to the expiration of the specified period when service is by mail.  *See* Fed. R. Bankr. P. 9006(f)("when there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(D), (E), or (F) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).").   Three days after May 7, 2012 is May 10, 2012.

11. Rule 9006(b) allows the Court, in its discretion, and for cause shown, to extend the time "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

12. The Chapter 13 Trustee argues that a) Creditor must demonstrate that it was "substantially justified" in failing to timely provide the information required under Rule 3002.1(g); b) Rule 3002.1(i) does not permit the Court to extend the time based on "excusable neglect;" and c) even if Rule 9006(b)(1) applies, the Creditor has not demonstrated sufficient "cause" to extend the time.

13. Rule 9006(b)(2) restricts the Bankruptcy Court's power to enlarge the time for taking action. The Court may **not** enlarge the time periods specified under the following Bankruptcy Rules: 1007(d)(filing list of 20 largest unsecured creditors in chapter 11 cases and chapter 9 municipality cases); 2003(a )(meeting of creditors) and (d)(election of chapter 7 trustee or member of creditors' committee); 7052 (Court's findings and conclusions), 9023 (motion for new trial under Fed. R. Civ. P. 59(e));  and 9024 (motion to alter or amend a judgment or order under Fed. R. Civ. P. 60(b)). Rule 9006(b)(2), does not expressly prohibit the Court from enlarging a time period specified in Rule 3002.1.

14. Where enlargement of time is governed by other Bankruptcy Rules, the Court may only enlarge the time for taking action consistent with those rules. *See* Fed. R. Bankr. P. 9006(b)(3), Fed.R.Bankr.P. Rule 9006(b)(3) specifically identifies the additional rules that contain conditions for enlargement. *Id.* Rule 3002.1 is not among the rules identified in Rule 9006(b)(3).

15. "[T]he extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless

4

expressly excepted." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 389 n.4, 113 S.Ct. 1489, 1495 n.4, 123 L.Ed.2d 74 (1993).

16. Because Rule 3002.1(g) is not one of the rules expressly excepted from the extension provisions of Rule 9006, the Court is not prohibited from enlarging the time for filing a response to the Trustee's notice of final cure payment, provided the granting of the extension is otherwise consistent with Rule 9006. *See Artificial Intelligence Corp. v. Casey (In re Casey),* 198 B.R. 918, 921 (Bankr.S.D.Cal. 1996)(relying on the Advisory Committee Notes to Rule 9006, and stating that "Rule 9006(b)(1) is applicable to any rule with a timing element not prohibited or limited in Rule 9006(b)(2) or (b)(3).").

17. Having determined that the Court may enlarge the time period within which a creditor must file a response to the Trustee's notice of final cure payment, the Court must next determine whether the Creditor has satisfied the requirements of Rule 9006(b)(1), Fed.R.Bankr.P.

18. Rule 9006(b)(1) provides, in relevant part:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

19. The parties have stipulated for the purposes of the Motion to Extend Time that the Creditor acted with excusable neglect in failing to timely file its response to the Trustee's notice of final cure payment.

20. A few courts have construed the language in Rule 9006(b)(1) applicable to motions for enlargement of time filed after the expiration of the specified period within which to

5

act as requiring the movant to satisfy two elements: 1) "cause"; and 2) "excusable neglect." *See, e.g., United States ex rel. United States Dep't of Educ. v. Moreu,* 332 B.R. 20, 23 (W.D.Okla. 2005)(explaining that "[a]fter expiration of the allotted time, the bankruptcy court may grant an enlargement of time if the movant first shows cause and then explains why the movant's negligence is excusable."); *In re Moretti,* 260 B.R. 602, 610 (1st Cir. BAP 2001)(stating that "in addition to excusable neglect, the Debtor must establish that there is cause"); *Armstrong v. Trout (In re Trout),* 1995 WL 1943410, *2 (BankrD.N.D. April 25, 1995)("Rule 9006(b)(1) permits the court to order an extension of time *after* the expiration of the specified period *only* for 'cause shown' *and* if the failure to act in a timely fashion was the result of 'excusable neglect.'")(emphasis in original)(citation omitted). In other words, Rule 9006(b)(1), Fed.R.Bankr.P. contains a two-part test for allowing an otherwise untimely filing.[3]

21. The standard for "cause" is generally broader than the standard for "excusable neglect." *Cf. In re Heartland Steel, Inc.,* 2003 WL 23100035, *3 (S.D.Ind. Dec. 16, 2003)(unreported)(observing that "Rule 9006(b) uses the broad standard of 'cause[;]'" that "excusable neglect" is a "distinctly different and somewhat narrower standard[;]" and that "[t]he statutory term 'cause' gives the bankruptcy court the widest possible discretion[.]").[4] Thus, while this Court agrees that "cause" under Rule 9006(b)(1), Fed.R.Bankr.P. arguably constitutes a second requirement for enlargement of an expired time period, in most instances "cause" will exist when there has been a showing of excusable neglect.

---

[3]In *Pioneer,* the Supreme Court established an equitable balancing test to determine whether a party has met the "excusable neglect" standard under Rule 9006(b)(1), but did not separately address a cause element. *Pioneer,* 507 U.S. at 388-395, 113 S.Ct. at 1495-1498. However, because *Pioneer* determined that the time period could be enlarged based on a showing of excusable neglect, excusable neglect arguably constitutes "cause" for enlargement.
[4] *See also, Bryant v. Smith,* 165 B.R. 176, 181-182 (W.D.Va. 1994)(stating that "'[c]ause shown' is a liberal standard investing the bankruptcy court with considerable flexibility[,]" but construing Rule 9006(b)(1) to permit enlargement "simply on cause shown if the motion for enlargement is made before the time period has expired, and on a showing of excusable neglect after the time period has expired.").

22. Here, the parties have stipulated that the Creditor's failure to act was the result of excusable neglect, and the Court finds further that sufficient cause exists to enlarge the time period. The late filed response informs the Debtor of the Creditor's belief that a balance remains on the indebtedness based on post-petition advances. The Debtor did not object to the Motion to Extend Time and agreed at the preliminary hearing that the Creditor should be allowed to assert that the Debtor failed to make certain post-petition payments due under the mortgage. One of the purposes of Rule 3002.1 is to notify the Debtor of the amount of any post-petition payment obligations in order to "permit the debtor or trustee to challenge the validity of any [prepetition arrearage amounts or post-petition payment obligations], if necessary, and to adjust postpetition mortgage payments to cover any properly claimed adjustment." Advisory Committee Notes to Rule 3002.1. Under the circumstances of this case, allowing Creditor to file an otherwise untimely response to the Trustee's notice of final cure payment that informs the debtor of post-petition payment obligations relating to forced place hazard insurance paid by the Creditor is consistent with one of the intended purposes of rule.

23. Because the requirements under Rule 9006(b)(1) for an enlargement of the time under Rule 3002.1(g) have been satisfied, the consequences for failing to timely file a response to the Trustee's notice of final cure payment found in Rule 3002.1(i) are inapplicable. The enlarged time period renders the Creditor's response timely.

24. Rule 3002.1(i) provides for sanctions for a creditor's failure to provide information as required by subsections (b), (c), or (g) of the Rule. Subsections (b) and (c) are not at issue. Subsection (g) contains two requirements: first, the creditor must provide certain information; second, the creditor must provide the information within a certain time. As a result of the Court's enlargement of the time in which to provide the information required under

7

Case 07-10502-j13    Doc 89    Filed 10/30/12    Entered 10/30/12 15:44:12 Page 7 of 8

subsection (g), Creditor satisfied both requirements. Therefore, no sanctions may be imposed under Rule 3002.1(i), and the Trustee's request for an award of reasonable expenses and attorneys' fees under Rule 3002(i)(2) must be denied.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Extend Time is GRANTED. The Creditor's Response to Trustee's Notice of Final Cure Payment filed June 6, 2012, is timely.

ORDERED FURTHER, that the Trustee's request for expenses and attorneys' fees under Rule 3002(i)(2) is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   October 30, 2012

COPY TO:

Steven J. Clark
Attorney for Debtor
PO Box 1108
Peralta, NM  87042

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

LeNatria Holly Jurist
Castle Stawiarski, LLC
Attorney for Deutsche Bank National Trust Company
20 First Plaza NW, Suite 602
Albuquerque, NM 87102

Andrew Paul Yarrington
Melwani Law, P.C.
Attorney for Deutsche Bank National Trust Company
10749 Prospect NE Suite F
Albuquerque, NM 87112

8

Case 07-10502-j13    Doc 89    Filed 10/30/12    Entered 10/30/12 15:44:12 Page 8 of 8